UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                             CIVIL CASE NO._____

LODGE/ABBOTT INVESTMENTS
ASSOCIATES LLC, and
LODGE/ABBOTT ASSOCIATES LLC,

    Defendants.

_____/

## COMPLAINT

### INJUNCTIVE RELIEF AND CIVIL PENALTY SOUGHT

The United States of America ("United States"), through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Secretary of the Army acting through the United States Army Corps of Engineers ("Corps"), alleges as follows:

### NATURE OF THE ACTION

1.    This is a civil action commenced under (*inter alia*) sections 309 and 404 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1319 and 1344, against Defendants Lodge/Abbott Investments Associates LLC and Lodge/Abbott Associates LLC ("Defendants") for discharging pollutants into waters of the United States in Naples, Collier County, Florida without authorization, in violation of CWA section 301(a), 33 U.S.C.

§ 1311(a).  The alleged CWA violations resulted from construction activities associated with a luxury high-rise condominium project generally known as Kalea Bay, Tower 200.

2.      The United States seeks:  (a) injunctive relief prohibiting Defendants from further unauthorized discharges of pollutants; (b) injunctive relief compelling Defendants to mitigate the impacts of the unauthorized discharges of pollutants; (c) a substantial civil penalty in favor of the United States and against Defendants; and (d) such other relief as the Court may deem appropriate.

3.      The United States has provided notice of the commencement of this action to the State of Florida pursuant to 33 U.S.C. § 1319(b).

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of the Complaint pursuant to at least 28 U.S.C. §§ 1331 and 1345.

5.      Venue is proper in the Middle District of Florida pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District; the waters of the United States into which pollutants were discharged without authorization are located in this District; and the cause of action alleged herein arose in this District.

## PARTIES

6.      Plaintiff is the United States of America, and authority to bring this action is vested in the United States Department of Justice pursuant to Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

7.      Defendants are Lodge/Abbott Investments Associates LLC and Lodge/Abbott Associates LLC.

8.      Lodge/Abbott Investments Associates LLC is a corporation formed under the laws of Florida and conducts business in Collier County, Florida.

9.      Lodge/Abbott Associates LLC is a corporation formed under the laws of Florida and conducts business in Collier County, Florida.

## STATUTORY AND REGULATORY BACKGROUND

10.      Section 101(a) of the CWA, 33 U.S.C. § 1251(a), provides that "[t]he objective of this chapter is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters."

11.      Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" except (*inter alia*) as authorized by a permit issued by the Corps pursuant to section 404 of the CWA, 33 U.S.C. § 1344.

12.      Section 502(5) of the CWA, 33 U.S.C. § 1362(5), defines "person" to include (*inter alia*) a "corporation."

13.      Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines "discharge of a pollutant" as "any addition of any pollutant to navigable waters from any point source."

14.      Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines "pollutant" to include (*inter alia*) "dredged spoil," "biological materials," "rock," "sand," and "cellar dirt."

15.      Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

16.      Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

17.      33 C.F.R. § 328.3(a)(1) and (7), at all times relevant to the alleged CWA violations, define "waters of the United States" to include (*inter alia*) all waters that are currently used, were used in the past, or may be susceptible for use in interstate or foreign commerce ("traditional navigable waters"); all waters that are subject to the ebb and flow of

the tide ("tidal waters"); and wetlands that are adjacent to traditional navigable waters or tidal waters.[1]

18.     33 C.F.R. § 328.3(b) defines "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

19.     33 C.F.R. § 328.3(c), at all times relevant to the alleged CWA violations, defines "adjacent" as "bordering, contiguous, or neighboring."  The regulation further provides:  "Wetlands separated from other waters of the United States by man-made dikes or barriers, natural river berms, beach dunes and the like are 'adjacent wetlands.'"[2]

20.     Section 309(b) of the CWA, 33 U.S.C. § 1319(b) authorizes the commencement of a civil action for appropriate relief, including an injunctive relief, against any person who, *inter alia*, violates 33 U.S.C. § 1311(a) by discharging dredged or fill material without obtaining and complying with a permit issued by the Corps pursuant to 33 U.S.C. § 1344.

21.     Section 309(d) of the CWA, 33 U.S.C. § 1319(d) provides that any person who violates 33 U.S.C. § 1311(a) shall be subject to a civil penalty not to exceed $25,000 per day for each violation.

22.     The foregoing figure, $25,000 per day for each violation, is subject to inflationary adjustments as set forth in 40 C.F.R. § 19.4, Table 1.

23.     Each day that dredged or fill material remains in the place where it was discharged without authorization constitutes an additional and continuing violation of the CWA, 33 U.S.C. § 1311(a).

---

[1] Portions of this regulation were amended by the "Clean Water Rule," 80 Fed. Reg. 37,054 (June 29, 2015), but the amendments were stayed at the time of the alleged CWA violations.
[2] *See supra* n.1.

24.     Liability for violating the CWA, 33 U.S.C. § 1311(a), is strict, joint, and several.

## GENERALLY APPLICABLE ALLEGATIONS

25.     The alleged CWA violations occurred in approximately 1.28 acres of wetlands located on real property in Naples, Collier County, Florida, just west of Vanderbilt Drive.

26.     Appendix A hereto illustrates the location of the alleged CWA violations (in a red area marked "WETLAND IMPACTS 1.28 AC").

27.     Appendix B hereto provides a legal description of the location of the alleged CWA violations.

28.     For shorthand purposes, this Complaint refers to the location of the alleged CWA violations as "the Site."

29.     At all relevant times, Defendants owned or controlled the Site.

30.     At all relevant times, the Site contained freshwater marsh wetlands, and they were part of a larger wetlands complex that abutted or was otherwise adjacent to the Cocohatchee River, Wiggins Pass, or both the Cocohatchee River and Wiggins Pass.

31.     The Cocohatchee River and Wiggins Pass contribute flow to the Gulf of Mexico.

32.     The Cocohatchee River and Wiggins Pass, in all relevant locations, are traditional navigable waters.

33.     The Cocohatchee River and Wiggins Pass, in all relevant locations, are subject to the ebb and flow of the tide.

34.     At all relevant times, the Site's wetlands, either alone or in combination with similarly situated lands in the region, significantly affected the chemical, physical, or biological integrity of the Cocohatchee River, Wiggins Pass, or both the Cocohatchee River and Wiggins Pass.

## COUNT:  UNAUTHORIZED DISCHARGES OF POLLUTANTS
### IN VIOLATION OF 33 U.S.C § 1311(a)

35.     The United States repeats the allegations set forth in Paragraphs 1 through 34 of this Complaint.

36.     Defendants are each a "person" under 33 U.S.C. § 1362(7).

37.     Beginning on or about July 10, 2016, and continuing through at least October 9, 2016, Defendants or persons acting at Defendants' behest added dredged or fill material to waters of the United States at the Site from one or more point sources.

38.     The point source(s) operated by Defendants or persons acting at Defendants' behest took the form of mechanized construction equipment.

39.     At no relevant time did Defendants or any person on Defendants' behalf obtain and comply with a permit issued by the Corps pursuant to section 404 of the CWA, 33 U.S.C. § 1344, authorizing any discharge of pollutants at the Site.

40.     Defendants violated and remain in violation of 33 U.S.C. § 1311(a).

### REQUEST FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court order the following relief:

Enjoin Defendants from further discharges of pollutants except as in compliance with the CWA;

Require Defendants to mitigate for impacted waters of the United States;

Assess and direct Defendants to pay a substantial civil penalty; and

Grant the United States such other relief as the Court finds appropriate.

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General

Dated: February 8, 2018

Andrew J. Doyle, Trial Counsel
Florida Bar No. 84948
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC  20044
(202) 514-4427 (p)
(202) 514.8865 (f)
andrew.doyle@usdoj.gov

MARIA CHAPA LOPEZ
United States Attorney

Lacy R. Harwell, Jr.
Assistant United States Attorney
Fla. Bar No. 714623
Office of the U.S. Attorney, M.D. Fla.
400 N. Tampa Street, Suite 3200
Tampa, FL  33602
(813) 274-6000
randy.harwell@usdoj.gov

*Attorneys for the United States*

*Of counsel*:

Joshua Holmes
Principal Assistant District Counsel for Regulatory
U.S. Army Corps of Engineers, Jacksonville District
701 San Marco Boulevard
Jacksonville, FL 32207
(904) 232-2015 (t)
Joshua.R.Holmes@usace.army.mil

APPENDICES TO THIS COMPLAINT:

Appendix A:   Map showing the location of the Site's wetlands that Defendants filled

Appendix B:   Legal description of the Site

ALSO ATTACHED TO THIS COMPLAINT:

Civil Cover Sheet

# Appendix A:

# Map Showing Location of Filled Wetlands

Turrell, Hall & Associates, Inc.
Marine & Environmental Consulting
3584 Exchange Ave. Suite B. Naples, FL 34104-3732
Phone: (239) 643-0166     Fax (239) 643-6632
Email: turrell@turrell-associates.com

K A L E A   B A Y

CURRENT SITEPLAN IMPACTS MAP

SECTION-8,16,17,20 TOWNSHIP-48 S   RANGE-25 E

**NOTES:**
THESE DRAWINGS ARE FOR PERMITTING PURPOSES ONLY AND
ARE NOT INTENDED FOR CONSTRUCTION USE.

SURVEY COURTESY OF:
**"BBLS SURVEYORS AND MAPPERS, INC."**

CONKLIN POINT

PREVIOUSLY
PERMITTED
DOCKS

MHWL

AQUA

WETLAND IMPACTS
1.28 AC

UPLAND IMPACTS
0.45 AC

RESIDENTIAL
DEVELOPMENT

VANDERBILT DR

ARBOR TRACE (PUD)

GLEN EDEN (PUD)

WIGGINS PASS RD

GOLF COURSE

LAKE-1

LAKE-4

LAKE-12

LAKE-3

TARPON COVE (PUD)

FALLING WATERS (PUD)

**MATCHLINE**

**MATCHLINE**

U.S. 41

SCALE IN FEET
0  300  600  1200

N  S  E  W

| | | | WETLAND IMPACTS | (AC) | 1.28 |
| | | | UPLAND IMPACTS | (AC) | 0.45 |
| | | | TOTAL IMPACTS | (AC) | 1.73 |
| | | | PRESERVED WETLANDS | | |
| | | | OPEN WATER | | |

| | TH | | | | |
|---|---|---|---|---|---|
| DESIGNED | | | | | |
| DRAWN BY | RMJ | | | | |
| CREATED | 10-09-17 | | | | |
| JOB NO. | 9911.6 | | | | |
| SHEET NO. | 06 OF 06 | | | | |

# Appendix B:

# Legal Description of the Site

**BBLS**
**SURVEYORS, INC.**
8860 TERRENE COURT
BONITA SPRINGS, FLORIDA 34135
TELEPHONE: 239-597-1315
FAX: 239-597-5207

**EXHIBIT**
**SITE**
**(KALEA BAY)**

A PORTION OF SECTION 17, TOWNSHIP 48 SOUTH, RANGE 25 EAST, COLLIER COUNTY, FLORIDA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS;

COMMENCE AT THE NORTHEAST CORNER OF THE NORTHEAST QUARTER OF SAID  SECTION 17; THENCE S.88°25'32"W., ALONG THE NORTH LINE OF SAID NORTHEAST QUARTER, A DISTANCE OF 902.17 FEET; THENCE S.00°00'00"W., A DISTANCE OF 1,387.26 FEET TO THE **POINT OF BEGINNING** OF THE PARCEL OF LAND HEREIN DESCRIBED; THENCE S.26°31'22"E., A DISTANCE OF 60.67 FEET; THENCE S.35°20'02"E., A DISTANCE OF 49.17 FEET; THENCE S.80°51'11"E., A DISTANCE OF 84.10 FEET; THENCE S.39°34'21"E., A DISTANCE OF 27.58 FEET; THENCE S.43°06'52"E., A DISTANCE OF 42.29 FEET; THENCE S.06°58'45"E., A DISTANCE OF 18.34 FEET; THENCE S.43°35'00"E., A DISTANCE OF 22.76 FEET; THENCE S.04°18'58"E., A DISTANCE OF 35.43 FEET; THENCE S.21°33'05"W., A DISTANCE OF 47.75 FEET; THENCE N.84°39'11"W., A DISTANCE OF 29.58 FEET; THENCE S.56°48'56"W., A DISTANCE OF 18.03 FEET; THENCE S.80°45'14"W., A DISTANCE OF 48.62 FEET; THENCE N.90°00'00"W., A DISTANCE OF 50.51 FEET; THENCE S.76°44'05"W., A DISTANCE OF 15.06 FEET; THENCE S.69°21'38"W., A DISTANCE OF 25.15 FEET; THENCE S.88°41'13"W., A DISTANCE OF 18.60 FEET; THENCE N.87°25'25"W., A DISTANCE OF 40.85 FEET; THENCE N.78°51'27"W., A DISTANCE OF 11.06 FEET; THENCE S.43°15'13"W., A DISTANCE OF 11.39 FEET; THENCE S.81°02'14"W., A DISTANCE OF 33.82 FEET; THENCE N.45°33'06"W., A DISTANCE OF 45.28 FEET; THENCE N.29°04'37"W., A DISTANCE OF 37.08 FEET; THENCE N.28°56'02"E., A DISTANCE OF 36.09 FEET; THENCE N.01°27'57"W., A DISTANCE OF 130.26 FEET; THENCE N.29°37'33"E., A DISTANCE OF 28.52 FEET; THENCE N.71°47'18"E., A DISTANCE OF 19.99 FEET; THENCE N.36°20'59"E., A DISTANCE OF 39.99 FEET; THENCE N.70°18'35"E., A DISTANCE OF 31.07 FEET; THENCE N.77°41'41"E., A DISTANCE OF 56.09 FEET TO THE **POINT OF BEGINNING**. PARCEL CONTAINS 1.73 ACRES, MORE OR LESS.

SHEET 1 OF 4

BEARINGS SHOWN HEREON REFER TO THE NORTH LINE OF THE
NORTHEAST QUARTER OF SECTION 17, TOWNSHIP 48 SOUTH, RANGE 26
EAST, COLLIER COUNTY, FLORIDA, AS BEING S.88°25'32"W.

THIS PROPERTY IS SUBJECT TO EASEMENTS, RESTRICTIONS AND
RESERVATIONS OF RECORD.

(SEE ATTACHED SKETCH-SHEETS 3 & 4 OF 4)

SHEET 2 OF 4



**NOTES**

1.) BEARINGS SHOWN HEREON REFER TO THE N. LINE OF THE N.E. 1/4 OF SECTION 17, TOWNSHIP 48 S. RANGE 25 E., COLLIER COUNTY, FLORIDA. AS BEING S88°25'32"W

2.) THIS PROPERTY IS SUBJECT TO EASEMENTS, RESERVATIONS AND RESTRICTIONS OF RECORD.

3. DIMENSIONS SHOWN HEREON ARE IN FEET AND DECIMALS THEREOF.

**LEGEND**

P.O.C.   POINT OF COMMENCEMENT
P.O.B.   POINT OF BEGINNING
C.R.     COUNTY ROAD
P.B.     PLAT BOOK

          WATER

          SITE
          AREA 1.73 ACRES   ±

SCALE: 1" = 500'

0    250    500    750    1000

8 | 8
17 | 17

8 | 9
17 | 16

S88°25'32"W 902.17'

**P.O.C.**
NORTHEAST CORNER OF THE NORTHEAST QUARTER OF SECTION 17, TOWNSHIP 48 SOUTH, RANGE 25 EAST, COLLIER COUNTY, FLORIDA

S00°0'00"W 1387.26'

VANDERBILT DRIVE
(100' RIGHT-OF-WAY)
(C.R. 901)

WIGGINS BAY

**P.O.B.**

**SEE SHEET 4 OF 4**

17 | 16
17 | 16

**KEYMAP**

**SHEET 3 OF 4**
**THIS IS NOT A SURVEY**

N:\Projects\2014\14-35 COOHATCHEE STAKEOUT\CONSERVATION EASEMENT 6 2 15\REV 01 15 18\EXHIBIT KEYMAP.dwg 1/24/2018 10:32:20 AM EST

SCALE: 1" = 500'
APPROVED: SEB
DRAWN BY: MAC
FILE: SEE DAYSTAMP
DATE: 01/24/18

**EXHIBIT**
**SITE (KALEA BAY)**

A PORTION OF SECTION 17,
TOWNSHIP 48 SOUTH, RANGE 25 EAST,
COLLIER COUNTY, FLORIDA.

**BBLS SURVEYORS, INC.**
**8860 TERRENE COURT,**
**BONITA SPRINGS, FLORIDA, 34135**
**(239) 597-1315**



SCALE: 1" = 100'

0   50   100   150   200

**P.O.C.**
NORTHEAST CORNER OF THE
NORTHEAST QUARTER OF SECTION
17, TOWNSHIP 48 SOUTH, RANGE
25 EAST, COLLIER COUNTY,
FLORIDA

S88°25'32"W 902.17'

8 | 9
17 | 16

S00°00'00"W 1,387.26'

**LEGEND**
P.O.B.  POINT OF BEGINNING
P.O.C.  POINT OF COMMENCEMENT

SITE
(1.73 ACRES ±)

**P.O.B.**

| LINE TABLE | | |
|---|---|---|
| LINE | BEARING | DISTANCE |
| L167 | S26°31'22"E | 60.67 |
| L168 | S35°20'02"E | 49.17 |
| L169 | S80°51'11"E | 84.10 |
| L170 | S39°34'21"E | 27.58 |
| L171 | S43°06'52"E | 42.29 |
| L172 | S06°58'45"E | 18.34 |
| L173 | S43°35'00"E | 22.76 |
| L174 | S04°18'58"E | 35.43 |
| L175 | S21°33'05"W | 47.75 |
| L176 | N84°39'11"W | 29.58 |
| L177 | S56°48'56"W | 18.03 |
| L178 | S80°45'14"W | 48.62 |
| L179 | N90°00'00"W | 50.51 |
| L180 | S76°44'05"W | 15.06 |
| L181 | S69°21'38"W | 25.15 |

| LINE TABLE | | |
|---|---|---|
| LINE | BEARING | DISTANCE |
| L182 | S88°41'13"W | 18.60 |
| L183 | N87°25'25"W | 40.85 |
| L184 | N78°51'27"W | 11.06 |
| L185 | S43°15'13"W | 11.39 |
| L186 | S81°02'14"W | 33.82 |
| L187 | N45°33'06"W | 45.28 |
| L188 | N29°04'37"W | 37.08 |
| L189 | N28°56'02"W | 36.09 |
| L190 | N01°27'57"W | 130.26 |
| L191 | N29°37'33"E | 28.52 |
| L192 | N71°47'18"E | 19.99 |
| L193 | N36°20'59"E | 39.99 |
| L194 | N70°18'35"E | 31.07 |
| L195 | N77°41'41"E | 56.09 |

**NOTES**

1.) BEARINGS SHOWN HEREON REFER TO THE N. LINE OF THE N.E. 1/4 OF
SECTION 17, TOWNSHIP 48 S. RANGE 25 E., COLLIER COUNTY, FLORIDA. AS BEING
S88°25'32"W

2.) THIS PROPERTY IS SUBJECT TO EASEMENTS, RESERVATIONS AND
RESTRICTIONS OF RECORD.

3. DIMENSIONS SHOWN HEREON ARE IN FEET AND DECIMALS THEREOF.

**SHEET 4 OF 4**
**THIS IS NOT A SURVEY**

| SCALE: 1" = 100' | APPROVED: SEB | DRAWN BY: MAC | FILE: SEE DAYSTAMP | DATE: 01/24/18 | *EXHIBIT* SITE (KALEA BAY) A PORTION OF SECTION 17, TOWNSHIP 48 SOUTH, RANGE 25 EAST, COLLIER COUNTY, FLORIDA. | **BBLS SURVEYORS, INC.** 8860 TERRENE COURT, BONITA SPRINGS, FLORIDA, 34135 (239) 597-1315 |

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

## DEFENDANTS

Lodge/Abbott Investments Associates LLC
Lodge/Abbott Associates LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Collier
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Andrew J. Doyle, U.S. Department of Justice, P.O. Box 7611, Washington, DC  20044, (202) 514-4427, andrew.doyle@usdoj.gov

Attorneys *(If Known)*

Michelle Diffenderfer, Lewis, Longman and Walker, P.A., 515 North Flagler Dr., No. 1500, West Palm Beach, FL 33401 (561) 640-0820

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☒ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** |  |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Clean Water Act, 33 U.S.C. 1311, 1344

Brief description of cause:
Unauthorized discharges of pollutants

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   Injuctive relief and civil penalty

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE   February 8, 2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____